IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**JOHN EDGAR WILLIAMS, IV,<br>JEREMY MINDEZ RUFF,<br>SAVANNAH D'NAISHA M GAGE,<br>NEVAEH CHARISE COX,<br>TRINITY RINIQUE GOUDEAU,<br>SHAVARI SHANTELL MELTON,<br>VANESSA LASHAY BELL,<br>ASHLEY ELINAE CHARLES**<br><br>      **Defendants.** | Case No. 25-CR-197-JFH |

## OPINION AND ORDER

Before the Court is a Partially Opposed Motion to Declare Case Complex and to Enter a New Scheduling Order ("Motion") filed by the United States of America ("Government"). Dkt. No. 141. The Motion notes that Defendants John Edgar Williams, IV, Savannah D'Naisha M Gage, Nevaeh Charise Cox, Shavari Shantell Melton, Vanessa Lashay Bell, and Ashley Elinae Charles do not object to the Motion. *Id*. at 2. The Motion further notes that Defendant Jeremy Mindez Ruff takes no position on the Motion as his counsel has not yet reviewed discovery, and Defendant Trinity Rinique Goudeau opposes the Motion. *Id*. For the reasons set forth below, the Motion is GRANTED.

On June 3, 2025, Defendants were charged by Indictment with five (5) counts related to a sex trafficking conspiracy. Dkt. No. 2. This case involves eight (8) defendants and at least fifteen (15) victims, including at least three (3) minor children. Dkt. No. 141 at 5. Discovery in this case is voluminous, including eighteen (18) cellular phones, as well as various online websites and

social media accounts. *Id*. at 3 and 4. Additional electronic discovery, including banking records, electronic payment accounts, casino records, road toll data, and cellular phone use data, is also anticipated. *Id*. at 4. The Government's first discovery production included over 30,300 bates-stamped pages. *Id*. Multiple batches of discovery are anticipated in this case. *Id*.

For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendants in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay from the date of this order to the new trial date shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the Partially Opposed Motion to Declare Case Complex and to Enter a New Scheduling Order [Dkt. No. 141] is GRANTED. The jury trial set for August 18, 2025 at 8:45 a.m. is STRICKEN. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 1/5/2026 | |
| Notices filed: | 1/5/2026 | |
|   Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609 | | |
| Motions to dismiss for insufficient indictment filed: | 1/5/2026 | |
| Motions and objections to notices filed: | 1/15/2026 | |
|   Absent good cause, motions in limine shall be filed by this date | | |
|   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | | |
| Pretrial conference: | 1/29/2026 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 2/13/2026 | |

| | | |
|---|---|---|
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 2/19/2026 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 2/19/2026 | by 4:00 pm |
| Jury trial: | 2/23/2026 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

    Dated this 9th day of July 2025.

                                               JOHN F. HEIL, III
                                               UNITED STATES DISTRICT JUDGE