**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

        **Case No. 25-CR-197-JFH**

JOHN EDGAR WILLIAMS, IV,
JEREMY MINDEZ RUFF,
SAVANNAH D'NAISHA M GAGE,
NEVAEH CHARISE COX,
TRINITY RINIQUE GOUDEAU,
SHAVARI SHANTELL MELTON,
VANESSA LASHAY BELL,
ASHLEY ELINAE CHARLES

        **Defendants.**

**OPINION AND ORDER**

Before the Court is a partially opposed Motion for Continued Scheduling Order ("Motion") filed by Defendant Savannah D'Naisha M Gage ("Defendant Gage"). Dkt. No. 299. The Motion notes that the United States of America ("Government") and Defendants John Edgar Williams, IV, Nevaeh Charise Cox, Trinity Rinique Goudeau, Ashley Elinae Charles,Shavari Shantell Melton, and Vanessa Lashay Bell do not object to the Motion. *Id*. at 2-3. The Motion further notes that Defendant Jeremy Mindez Ruff does object to the Motion. *Id*. at 3. For the reasons set forth below, the Motion is GRANTED.

On June 3, 2025, Defendants were charged by Indictment with five (5) counts related to a sex trafficking conspiracy. Dkt. No. 2. This case involves eight (8) defendants and at least fifteen (15) victims, including at least three (3) minor children. Dkt. No. 141 at 5. A Superseding Indictment was filed July 8, 2025 [Dkt. No. 150], a Second Superseding Indictment was filed November 5, 2025 [Dkt. No. 207], and a Third Superseding Indictment was filed on February 3,

2026 [Dkt. No. 269].   Discovery in this case is voluminous, including eighteen (18) cellular phones, as well as various online websites and social media accounts. *Id*. at 3 and 4.  Additional electronic discovery, including banking records, electronic payment accounts, casino records, road toll data, and cellular phone use data, is also anticipated. *Id*. at 4.  The Government's first discovery production included over 30,300 bates-stamped pages. *Id*.  Multiple batches of discovery are anticipated in this case. *Id*.  For these reasons, and pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this Court declared this case complex and found that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161.  Dkt. No. 161.  The Court further found the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendants in a speedy trial. *Id*.

The Court has previously found, in consideration of prior objections to the Court's declaring this case complex and continuing the scheduling order, that a continuance is properly made pursuant to 18 U.S.C. § 3161(h)(6) over defendants' objections. *See* Dkt. No. 186 at 4 (citing *United States v. MGP Ingredients, Inc*., No. 19- 40021-DDC, 2019 WL 3318363, at \*3 (D. Kan. July 24, 2019) (finding that the applicable exclusion for a co-defendant objecting to a motion to declare case complex is § 3161(h)(6)) (citing *In re Robinson,* 713 F. App'x 764, 767, 767 n.5 (10th Cir. 2017) (finding that § 3161(h)(6) "clearly applies . . . [where the objecting defendant] has multiple codefendants, no severance has been granted, and the time for trial has not run because the district court granted a 180-day ends-of justice continuance based in part on the existence of those codefendants.")))). Pursuant to § 3161(h)(6), time may be excluded for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "An exclusion for

delay attributable to one defendant is applicable to all co-defendants." *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (internal quotation marks omitted).

In the instant Motion, Defendant Gage states that discovery in this case is still not complete. Dkt. No. 299 at 1. Additionally, there have been delays involving the approval of Defendant Gage's case budget. *Id*. For these reasons, counsel for Defendant Gage requires additional time to submit a case budget, review discovery, investigate case facts, research legal issues, and retain experts. *Id*. at 2.

As previously noted, this case has been declared complex. Dkt. No. 161. The Court further notes that all co-defendants are joined for trial, no severance has been granted, and the time for trial has not run due to an ends-of justice continuance granted in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Therefore, the Court finds that an additional continuance in this case is justified and warranted and that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendants in a speedy trial. The Court further finds that a continuance over Defendant Ruff's objection is warranted under 18 U.S.C. § 3161(h)(6). Thus, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and 3161(h)(6), the ends of justice dictate that the period of delay from the date of this order to the new trial date shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the partially opposed Motion for Continued Scheduling Order [Dkt. No. 299] is GRANTED. The jury trial set for May 18, 2026 at 8:45 a.m. is STRICKEN. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Joint status report regarding production of discovery filed: | 8/5/2026 |
| Notices filed: | 8/5/2026 |

Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609

| | | |
|---|---|---|
| Motions to dismiss for insufficient indictment filed: | 8/5/2026 | |
| Motions and objections to notices filed: | 8/12/2026 | |

Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 8/26/2026 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 9/14/2026 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 9/17/2026 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 9/17/2026 | by 4:00 pm |
| Jury trial: | 9/21/2026 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from May 18, 2026, inclusive, to September 21, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 13th day of April 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE