## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN EDGAR WILLIAMS, IV et al.,

        Defendants.

Case No. 25-CR-197-JFH

## OPINION AND ORDER

Before the Court is a partially opposed motion for continuance ("Motion") filed by counsel for Defendant John Edgar Williams, IV ("Defendant Williams"), over Defendant Williams' objection. Dkt. No. 371. Counsel seeks to continue the trial, which is currently set for September 14, 2026, for 120 days. *Id.* On August 5, 2026, the Court held a hearing to address the Motion. Dkt. No. 383. As of the date of the hearing, the Government, Defendant Ashley Elinae Charles ("Defendant Charles"), and Defendant Nevaeh Charise Cox ("Defendant Cox") did not object to the Motion, while Defendant Savannah D'naisha M. Gage ("Defendant Gage"), Defendant Trinity Rinique Goudeau ("Defendant Goudeau"), Defendant Jeremy Mindez Ruff ("Defendant Ruff"), and Defendant Williams, did object.[1] For the reasons set forth below, the Motion is GRANTED in part.

## BACKGROUND

On June 3, 2025, Defendants were charged by Indictment with five (5) counts related to a sex trafficking conspiracy. Dkt. No. 2. This case involves eight (8) defendants and at least fifteen (15) victims, including at least three (3) minor children. Dkt. No. 141 at 5. A Superseding

---

[1] The two remaining defendants, Shavari Shantell Melton and Vanessa Lashay Bell previously entered guilty pleas. Dkt. Nos. 325, 356.

Indictment was filed July 8, 2025 [Dkt. No. 150], a Second Superseding Indictment was filed November 5, 2025 [Dkt. No. 207], and a Third Superseding Indictment was filed on February 3, 2026 [Dkt. No. 269].

The case was initially set for trial on August 18, 2025. Dkt. Nos. 46, 120, 134. On July 9, 2025—based on the nature of the charges, the number of defendants, and the volume and ongoing nature of the discovery—the Court granted a motion to declare the case complex and continued the trial to February 23, 2026. Dkt. No. 161 at 1-2. On January 5, 2026, the Court granted a second continuance, resetting the trial for May 18, 2026. Dkt. No. 249. And on April 13, 2026, the Court granted a third continuance, resetting the trial for September 21, 2026. Dkt. No. 320. Due to the Court's schedule, the trial was subsequently moved up to September 14, 2026. Dkt. No. 368.

On July 25, 2026, counsel for Defendant Williams filed the instant Motion, seeking an additional 120-day continuance of the trial. Although this case has been pending since June 2025, counsel for Defendant Williams has been involved in the matter only since April 2026, when the Court appointed him as substitute counsel at Defendant Williams' request. Dkt. Nos. 295, 307. Given his relatively recent appointment, counsel requests additional time to review the discovery produced to date and prepare for trial. Dkt. No. 371. Counsel also cites Defendant Williams' inability to adequately assist in the preparation of his defense due to a delay in obtaining corrective eyewear while incarcerated. Dkt. No. 171.

At the August 5, 2026 hearing on the instant Motion, the parties represented that discovery in this case remains both voluminous and ongoing. Based on the parties' representations, the Court understands that the eighth and final substantive production of discovery was provided on August 3, 2026. The Government anticipates producing additional discovery in the coming weeks,

including "narrowed" subsets of materials focused on evidence it intends to present at trial. The Government also intends to provide cooperator statements in advance of trial.

The discovery produced to date includes law enforcement reports, photographs, videos, financial records, banking records, electronic payment account information, casino records, ping data, and other location and transportation-related data, including phone carrier records, highway toll records, flock camera records, and license plate reader data. Dkt. No. 317. The production also includes data from 18 cell phone extractions, 30 Facebook accounts, 15 Instagram accounts, Google and Apple iCloud accounts, and more than 8,000 commercial sex advertisements from the website megapersonals.eu. *Id.* According to the parties, this discovery consists of approximately 75,000 Bates-stamped pages, in addition to media evidence and approximately 700 recorded jail calls, many of which are nearly an hour in length.

Given the complexity of the case, the number of defendants remaining for trial, and the parties varying positions regarding trial readiness, the Court took the Motion under advisement and afforded the parties an additional six days to submit supplemental briefing on the issue of a continuance. No supplemental briefing was filed.

## DISCUSSION

Congress enacted the Speedy Trial Act of 1974 ("the Act"). 18 U.S.C. §§ 3161-3174 (2003). The purpose of the Act "is two-fold-to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." *United States v. Gonzales,* 137 F.3d 1431, 1432 (10th Cir.1998) (quotations omitted). "The Act mandates that a trial must begin within seventy days of the filing date of the indictment or the defendant's first appearance, whichever occurs later." *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004); *see* 18 U.S.C. § 3161(c)(1). "However, the Act provides exclusions for specific

delays that are not counted toward the seventy-day limit and thus stop the speedy trial clock."
*Vogl*, 374 F.3d 976, 983.

Section 3161(h)(6) contains one of the exclusions for a pre-trial delay that is not counted toward the seventy-day limit in the Speedy Trial Act.  Specifically, it excludes "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  "The general rule under this provision is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant joined." *United States v. Cortes-Gomez*, 926 F.3d 699, 704–05 (10th Cir. 2019) (quotations and citation omitted).  "When the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants." *Id.*

"In determining whether delay attributable to a codefendant is reasonable, a court must examine all relevant circumstances." *Id.* at 705.  The Tenth Circuit has articulated three factors to guide district courts in this exercise:  "(1) whether the defendant is free on bond; (2) whether the defendant zealously pursued a speedy trial; and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Id.*

"The obvious purpose behind [this] exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986).  There is a "strong presumption favoring trying properly joined defendants together." *United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015); *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993).  "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a

single group of witnesses." *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014) (quotations and citations omitted).

### I.      Defendants' Custody Status

Of the eight defendants initially charged in this case, six remain on the Court's trial docket. Dkt. Nos. 320, 325, 356.  Of the remaining six, all are in custody except Defendant Charles. Accordingly, this factor weighs against a continuance.

### II.      Defendants' Assertion of Speedy Trial Rights

Of the six defendants remaining on the trial docket, three have not asserted their right to a speedy trial, while the remaining three have done so to varying degrees.

### A.  Defendants Charles, Cox, and Gage

Defendants Charles and Cox did not object to the request to designate this matter as complex or to any of the three prior requests for continuance granted in this case.  Dkt. Nos. 141, 249, 320.  Likewise, they do not object to the instant Motion.  Dkt. No. 371.  Neither Defendant Charles nor Defendant Cox has moved for severance or otherwise asserted their speedy trial rights.

 Similarly, Defendant Gage did not object to the request to designate this matter as complex or to any of the three prior requests for continuance.  Dkt. Nos. 141, 249, 320.  Indeed, Defendant Gage herself requested the second and third continuances.  Dkt. Nos. 249, 320.  Defendant Gage has not moved for severance or otherwise asserted her speedy trial rights.  At the August 5, 2026 hearing on the instant Motion, counsel for Defendant Gage indicated that she objected to the continuance currently sought; however, no basis for the objection was provided.

As to Defendants Charles, Cox, and Gage, the Court cannot conclude that they have demonstrated a zealous pursuit of their speedy trial rights.  Accordingly, this factor weighs in favor of granting a continuance as to these defendants.

**B. Defendant Williams**

Defendant Williams did not object to the request to designate this matter as complex or to the prior requests for continuance.  Nor did he move for severance.  On April 6, 2026, Defendant Williams requested and was granted substitute counsel.  Dkt. No. 307.  Defendant Williams' new counsel represents that Defendant now wishes to assert his speedy trial rights, as he believes he was not adequately consulted regarding the request to designate the case as complex.  Defendant Williams objects to any further continuance on speedy trial grounds.  Dkt. No. 371 at 3.

While preserving Defendant Williams' speedy trial objection, counsel acknowledges that he is relatively new to the case and requires additional time to review discovery with Defendant Williams in order to adequately prepare a defense.  *Id.* at 3-4.  The Court finds this request reasonable given the staggering volume of discovery produced in this matter and the fact that Defendant Williams' ability to assist counsel has been hindered by the delay in obtaining corrective eyewear.  Considering these circumstances, as well as the fact that Defendant Williams' assertion of his speedy trial rights was made only contemporaneously with the instant Motion, the Court finds that this factor weighs neutrally as to Defendant Williams.

**C. Defendants Goudeau and Ruff**

Defendant Goudeau has consistently pursued a speedy trial in this matter, objecting to the complex case designation and all but one of the prior requests for continuance.  Dkt. Nos. 141, 166, 249, 371.  She also moved to sever on speedy trial grounds [Dkt. No. 166] and objects to any further continuance [Dkt. No. 371]. Similarly, although Defendant Ruff did not oppose the complex case designation or the first request for a continuance because his counsel had not yet reviewed discovery [Dkt. No. 161 at 1], he has since objected to each subsequent request for a continuance [Dkt. Nos. 249, 320] and moved to sever on speedy trial grounds [Dkt. No. 196].

Accordingly, as to Defendants Goudeau and Ruff, this factor weighs against granting a continuance.

In sum, this factor weighs in favor of a continuance as to Defendants Charles, Cox, and Gage; is neutral as to Defendant Williams; and weighs against a continuance as to Defendants Goudeau and Ruff. On balance, this factor weighs largely neutral because the record reflects competing considerations regarding Defendants' pursuit of a speedy trial.

### III.    The Efficient Use of Prosecutorial and Judicial Resources

As noted above, this case involves numerous defendants and multiple counts arising from an alleged sex trafficking conspiracy. Dkt. No. 269. At the August 5, 2026 hearing on the instant Motion, counsel for the Government represented that the trial of the six remaining defendants is expected to last at least three weeks. A single trial before one jury will require a substantial commitment of prosecutorial and judicial resources. A three-week trial is particularly significant given that the Court maintains a multi-district caseload, drawing cases in both the Northern and Eastern Districts of Oklahoma. The undersigned is currently the only active district judge serving the Eastern District of Oklahoma.

Under the Court's current docket structure, each month the Court allocates one week for hearings and one week for trials in each District. Accommodating a three-week trial therefore requires substantial adjustments to the Court's existing hearing and trial schedules, affecting not only the Court and its staff but also numerous attorneys and litigants. In addition to the trial itself, the associated motion practice, evidentiary rulings, jury selection, and preparation of jury instructions will require a significant investment of judicial resources. Further, the participation of multiple juries in separate trials of this magnitude would impose an additional burden on the

citizens called to serve as jurors.  The prospect of conducting multiple trials of this complexity and duration weighs heavily in favor of continuing the trial to allow all parties adequate time to prepare.

In short, the first factor weighs against a continuance because Defendants Cox, Gage, Goudeau, Ruff, and Williams remain in custody.  The second factor is neutral, while the third factor weighs heavily in favor of a continuance.  Balancing these factors, the Court concludes that a twelve-week delay—from September 14, 2026, to December 7, 2026—is reasonable.[2]  The strong preference for a joint trial in a case of this complexity and anticipated trial length weighs heavily in favor of a continuance.  Although Defendants Goudeau and Ruff have consistently asserted their speedy trial rights, those efforts do not outweigh the substantial benefits of proceeding with a single, consolidated trial.

Therefore, the Court finds that an additional continuance in this case is justified and warranted and that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendants in a speedy trial.  The Court further finds that a continuance over the objections of Defendants Gage, Goudeau, Ruff, and Williams is warranted under 18 U.S.C. § 3161(h)(6).  Thus, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and 3161(h)(6), the ends of justice dictate that the period of delay from the date of this order to the new trial date shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the partially opposed motion for continuance  [Dkt. No. 371] is GRANTED in part.  The jury trial set for September 14, 2026 at 8:45 a.m. is STRICKEN.

---

[2]  Although the Motion requests a 120-day continuance [Dkt. No. 371], the Court has elected to set the trial for December 7, 2026. This date affords the parties a reasonable period to prepare while requiring the least disruption to the Court's already crowded docket.

The following amended scheduling order is hereby entered:

| | |
|---|---|
| Joint status report regarding production of discovery filed: | 10/12/2026 |
| Notices filed: | 10/12/2026 |
|   Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609 | |
| Motions to dismiss for insufficient indictment filed: | 10/12/2026 |
| Motions and objections to notices filed: | 10/19/2026 |
|   Absent good cause, motions in limine shall be filed by this date | |
|   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | |
| Pretrial conference: | 11/12/2026    at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 11/20/2026 |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 12/3/2026    by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 12/3/2026    by 4:00 pm |
| Jury trial: | 12/7/2026    at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from September 14, 2026, inclusive, to December 7, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 12th day of August 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE