**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**JOHN EDGAR WILLIAMS, IV, *et al.*,**<br>**Defendants.** | **Case No. 25-CR-197-JFH** |

**OPINION AND ORDER**

Before the Court are three Motions for a Bill of Particulars filed by Defendants John Edgar Williams, IV [Dkt. No. 435], Jeremy Mindez Ruff [Dkt. No. 438], and Savannah D'Naisha May Gage [Dkt. No. 444]. The United States of America ("Government") opposes each of these Motions. For the following reasons, the Defendants' Motions are DENIED.

**BACKGROUND**

On June 3, 2025, a federal grand jury indicted eight Defendants—(1) John Edgar Williams, IV, (2) Jeremy Mindez Ruff, (3) Savannah D'Naisha May Gage, (4) Nevaeh Charise Cox, (5) Trinity Rinique Goudeau, (6) Shavari Melton, (7) Vanessa Lashay Bell, and (8) Ashley Charles, with conspiracy to commit sex trafficking and various other related charges. Dkt. No. 2. The operative indictment is a Third Superseding Indictment filed on February 3, 2026. Dkt. No. 269. On October 16 and 19, 2026, Williams, Ruff, and Gage filed their respective Motions for Bills of Particulars. Their trial is currently set for December 7, 2026. Dkt. No. 391.

**ANALYSIS**

Under Federal Rule of Criminal Procedure 7(c) an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). If a defendant seeks more definite information about the charges against him, he or

she can move for a bill of particulars under Rule 7(f) "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). However, the Tenth Circuit has cautioned that "[a] bill of particulars . . . is not a discovery device." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988). Indeed, a defendant is "not entitled to all of the evidence the government intends to produce, but only the theory of the government's case." *Id.* at 1030. Ultimately, "[t]he purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Id.* (quotations and citation omitted).

Defendants are not entitled to a bill of particulars for several reasons. To begin, Williams, Ruff, and Gage were arraigned on the Third Superseding Indictment in February 2026. *See* Dkt. No. 282 (Gage's arraignment held on Feb. 10, 2026), Dkt. No. 283 (Williams's arraignment held on Feb. 10, 2026), Dkt. No. 287 (Ruff's arraignment held on Feb. 11, 2026). They filed their Motions for Bills of Particulars approximately eight months later. So, their Motions are well outside Rule 7(f)'s fourteen-day window.

Furthermore, "[t]he Tenth Circuit has consistently held that full discovery can obviate the need for a bill of particulars." *United States v. Hajduk*, 370 F. Supp. 2d 1103, 1112 (D. Colo. 2005) (citing *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995)). Based on the Government's specific citations to bates stamps in its response brief [Dkt. No. 459 at 4-5], and the Court's own review of the presentations the Government provided during its "reverse-proffer" sessions with Defendants [Dkt. No. 460-1, 460-2, 460-3], the Government has provided sufficient notice about the identities of the victims, the facilities employed, the overt acts committed in furtherance of the conspiracy, relevant dates and locations, and other details Defendants request.

So, independent of their untimeliness, Defendants have failed to show the necessity for a bill of particulars. To the extent Defendants believe they are still missing discovery or fail to understand the Government's theory against them, the parties should confer and report to the Court about their discussions at the pretrial conference.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions for Bills of Particulars [Dkt. Nos. 435, 438, 444] are DENIED.

Dated this 3rd day of November, 2026

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE