**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN EDGAR WILLIAMS, IV, *et al.*,**<br><br>**Defendants.** | **Case No. 25-CR-197-JFH** |

**<u>OPINION AND ORDER</u>**

Before the Court are three Notices of Intent to Offer Evidence as Intrinsic or Pursuant to Rule 404(b) (collectively "Notices") filed by the United States of America ("Government"). *See* Dkt. Nos. 422, 423 (corrected by 429), 424. Defendants John Edgar Williams, IV, Jeremy Mindez Ruff, and Savannah D'Naisha May Gage filed various objections to the Government's Notices. For the following reasons, Williams and Ruff's objections [Dkt. Nos. 436, 450] to the Government's Notice against them [Dkt. No. 422] are OVERRULED; Ruff and Gage's objections [Dkt. Nos. 437, 451] to the Government's Notice against them [Dkt. No. 423, corrected by 429] are HELD IN ABEYANCE; and Williams's objection [Dkt. No. 449] to the Government's Notice against him [Dkt. No. 424] is OVERRULED IN PART and HELD IN ABEYANCE IN PART.

**BACKGROUND**

On June 3, 2025, a federal grand jury indicted eight Defendants—(1) John Edgar Williams, IV, (2) Jeremy Mindez Ruff, (3) Savannah D'Naisha May Gage, (4) Nevaeh Charise Cox, (5) Trinity Rinique Goudeau, (6) Shavari Melton, (7) Vanessa Lashay Bell, and (8) Ashley Charles, with conspiracy to commit sex trafficking and various other related charges. Dkt. No. 2. The Defendants' trial is currently set for December 7, 2026. Dkt. No. 391. In preparation for trial, the Government filed three Notices where it seeks to admit messages between Ruff and Williams [Dkt.

No. 422], Ruff and an unindicted co-conspirator named La'Dontae Taylor [Dkt. No. 423 (corrected by Dkt. No. 429], and Williams and an alleged victim named "S.J." [Dkt. No. 424]. The Court addresses each Notice and its respective objections below.

**LEGAL STANDARD**

Federal Rule of Evidence 404(b)(1) prohibits admission of evidence of other crimes or bad acts to prove a defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for other purposes, such as proving "motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts consider the following factors in determining the admissibility of prior acts evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) whether the Court can give a limiting instruction if requested by Defendant. *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

Res gestae evidence is evidence that is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). It includes evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by proving its immediate context." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Accordingly, "res gestae evidence is 'not subject' to Federal Rule of Evidence 404(b)'s prohibition on prior acts evidence." *United States v. Gallegos*, 111 F.4th 1068, 1092 (10th Cir. 2024).

## ANALYSIS

### I. Government's Notice of Intent to Introduce Messages Between Ruff and Williams [Dkt. No. 422]

First, the Government seeks to introduce a conversation between Ruff and Williams on March 2, 2025. Dkt. No. 422 at 2. In that conversation, Ruff sent Williams a YouTube link to a video titled "Tommy G, Blood Money: Inside Dallas' Underground Economy," which showed, among other topics, a sex trafficker named "Rooster" explaining the prostitution scene in the "Blade." *Id.* at 2, 4. According to the Government, the "Blade," is an area in Dallas, Texas, "known for prolific prostitution." *Id.* at 2. Ruff began the conversation stating that Rooster "got the blade hot in Dallas, gave away the game to the police," and that "he was at the Paris [adult store] spilling the juice as well." *Id.* at 4. After Ruff sent the link, Williams responded:

> Them nigg-s don't sound like they doin no pimpin out there with all that ra ra shit man going back and forth you know what I'm saying about the nonsense man . . . damn these nigg-s they just carelessly talking about pimping and shooting and having straps and I'm talking about nigg- what? Nigg-s you incriminating yourself on this motherfucker. I don't know what they thinkin man. . . . there's certain repercussions to it you know what I'm saying? Consequences. I mean shit, can't blame nobody for anybody that went down.

*Id.* at 5. The Government asserts this conversation is "intrinsic to Williams and Ruff's sex trafficking conspiracy charge because it provides evidence of their relationship, the topics of conversations they would discuss, and their knowledge and involvement of the sex trafficking scene in Dallas." *Id.* The YouTube video is also intrinsic, the Government contends, because the jury would not have the ability to fully appreciate or understand the topic of conversation or grasp why Williams and Ruff found Rooster's statements and dissemination of information concerning." *Id.* at 6.

The Court agrees with Williams and Ruff that this evidence is not intrinsic. *See* Dkt. No. 436 at 4; Dkt. No. 450 at 3. At most, the evidence shows that Williams and Ruff knew each other,

were familiar with the Blade, and criticized an unrelated third-party foolishly for revealing more about Dallas's sex trafficking industry than he should have. But this evidence does not provide direct proof of either of the Defendants' crimes, is not a necessary preliminary for any unlawful conduct, and is not otherwise "inextricably intertwined with the charged conduct." *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021). Accordingly, it is not intrinsic.

However, the Court agrees with the Government that this evidence is admissible under Rule 404(b). First, the Government has alleged in various briefing that the co-conspirators trafficked their victims in Dallas, Texas. So, the Government offers this evidence to show Williams and Ruff's "intent and knowledge for trafficking their victims . . . . which partially took place in the Blade." Dkt. No. 422 at 7-8. And their reactions to the video—which criticize a third-party for making it harder to successfully traffic women in Dallas—are highly relevant on whether they intend to traffic or continue trafficking women in Dallas despite law enforcement's heightened knowledge about such activities. However, the Court recognizes that the YouTube video is quite long and contains irrelevant topics for this case. So, to avoid unfair prejudice, the Government must redact all portions of the YouTube video except for the portions involving "Rooster" explaining the sex-trafficking industry in the Blade. The parties should confer on these redactions and report to the Court before trial which portions they agree should be redacted. With appropriate redactions, the relevancy of this conversation and YouTube video outweigh any considerations under Rule 403. Finally, the Court can issue appropriate limiting instructions, including that the video is being offered for its effect on Williams and Ruff, not for its truth. Therefore, William and Ruff's Objections are OVERRULED. This evidence is ADMISSIBLE.

## II. Government's Notice of Intent to Introduce Messages Between Ruff and La' Dontae Taylor [Dkt. No. 423 (corrected by Dkt. No. 429)]

Second, the Government seeks to introduce messages between Ruff and an unindicted individual named La' Dontae Taylor on July 27, 2024, and November 19, 2024. Dkt. No. 429-1. The relevant portion of their conversation on **July 27, 2024**, is as follows:

Tayor: This is a regular not a random right ?!

Ruff: Correct.

Ruff: They want your girl, they like her as well.

Taylor: I ain't been having my bitches meet new nigguhs here unless they Mexican.

Ruff: Need 1 more… They Mexican… With money.

Taylor: I am getting the other one making sure it's good… May have two more.

Taylor: But u said no less than 5 [hundred]??

Ruff: Right.

Taylor: My bitch will work them if they spend that anyway… So she could leave w a band or more… I need that fasho lolol.

Taylor: I hit for two [thousand] last night

Ruff: My bitch leaving with that or more…Damn…You did good.

Taylor: And then I got u if my bitch get a double… Okay and they are paying all the hoes individually… ?!

Ruff: Facts p… My organization run pretty smooth… its 4 Mexicans and the want 4 females they each have they own money.

Ruff: They want us to go to the city

Taylor: And okay so if we only got your hoe and my hoe they just gone have to run that up they self.

Taylor: My bad I'm running a few other plays and only reason I wouldn't want to cause I'm not mobile I flipped my car and I know my hoe got a play in a little and someone coming in the club.

Ruff: I got my ho and my bm hoe coming as well… We mobile… Ride with me.

Taylor: Okay so u don't need 3 white hoes… Just 1-2… I know my hoe good fasho and if that's good enough then I won't lock in the last hoe.

Ruff: Lock in the other 1… We need to go like now?

Taylor: If we can't get her we might have to just try and make it happen tho thug… Cause I know my hoe gotta get to work and got that regular comin w at least 7.

Taylor: Yooo… My hoe had to catch that plsy [sic]

Ruff: Ok… Im on the way to the city.

Taylor: Okay preciate u trynna put me in on the set… That's real.

*Id.* at 4-5.

This conversation provides evidence of Ruff cooperating with Taylor to arrange a commercial sex appointment in Oklahoma City. It also provides evidence that Ruff may have transported several alleged sex trafficking victims to this appointment. So, at the very least, this evidence would appear to be intrinsic to Count Ten of the Superseding Indictment, which charges Ruff with transporting a person in interstate commerce with the intent that they engage in prostitution and other sexual activity from April 1, 2024, through on or about June 16, 2025. Dkt. No. 269 at 13. Therefore, this evidence would appear to be admissible against Ruff as intrinsic evidence to Count Ten.

However, at this time, the Court cannot determine whether this evidence is also intrinsic to the sex trafficking conspiracy charged in Count One. This is because the Government has not yet laid a foundation with independent evidence showing that (1) the charged conspiracy existed, (2) Taylor and Ruff were members of the charged conspiracy, and (3) the statements were made in furtherance of the charged conspiracy (and not a separate venture between Ruff and Taylor). For

now, the Court will address Ruff's objections after the Government lays a foundation to admit this evidence against him.

The Government also claims that Ruff referred to Gage when he stated that he was bringing his "bm hoe" to the commercial sex transaction in Oklahoma City. Dkt. No. 429-1 at 2, 6. So, the Government intends to use this statement against Gage to show that Gage attended this commercial sex appointment and was otherwise involved in the charged sex trafficking conspiracy. Gage contends the Government has not proved that "bm hoe" referred to her, nor has the Government proved that she attended the appointment. *See* Dkt. No. 451. Similar to above, the Court will address these objections after the Government lays a proper foundation.

Next, the Government seeks to introduce several messages between Taylor and Ruff on **November 19, 2024**. Dkt. No. 429-1 at 6-7. According to the Government's summary of this conversation, "Taylor ask[ed] Ruff if he 'want[ed] a black bitch[,]' because he 'can't do nun w[ith] her' while he 'break[s] on the white bitch.' " *Id.* Ruff responded, " 'Yes please . . . when can I get her? . . . Good looking 16.' " *Id.* at 7.[1] The Government believes this conversation is intrinsic to the charged conspiracy because it provides direct evidence of Ruff agreeing to take Taylor's victim. *Id.* But like above, it is unclear whether this conversation occurred in furtherance of the charged conspiracy or in furtherance of a separate venture between Ruff and Taylor. So, the Court will address Ruff's objections to the November 19 conversation after the Government lays an adequate foundation.

---

[1] The Government states that "16" is a coded term for "pimp."

### III. Government's Notice of Intent to Introduce Messages Between Williams and "S.J." [Dkt. No. 424]

Finally, the Government seeks to admit several Facebook messages and attachments between Williams and one of his alleged victims named "S.J." Dkt. No. 424. The Government's summary of most of these conversations, which occurred between November 21, 2024, and December 14, 2024, is quoted below:

> One of the conversations between Williams and S.J. involved a discussion about "Harry."[2] Williams responded: "I might come hit Harry soon," because "I'm missing it." A few days later Williams asked about victim [sic] an unknown woman, saying that he "need to breathe on her a lil," and that he "need[s] some new [footprint emoji]."[3] S.J.'s responds that she is "pregnant. 4 months[,]" suggesting that she cannot continue performing commercial sex acts. Notably, Williams sends a voice memo, where he asks "so what . . . that supposed to mean she done or something? She ain't get that in? You know what I'm saying? You know, motherfuckers have fetishes out there goddammit . . . ." Williams later explains he got locked out of his megapersonal.eu account. He asks S.J. for the access code to the prostitution website, and she sends him a screenshot of it.

*Id.* at 5. The Government alleges these messages, Williams's voice memo, and S.J.'s access code screenshot are "inextricably intertwined" with Williams's conspiracy charge because they occurred within the conspiracy's time frame and are " 'direct proof' of Williams's involvement in coercing and exploiting women," including his intention "to use S.J. to pressure and recruit the [unnamed] woman into performing commercial sex acts while pregnant." *Id.* at 5-6. The Government also maintains that "the messages with S.J. about posting advertisements on megapersonals.eu are additional evidence of his managing role in a larger sex trafficking operation." *Id.* at 6.

The Court agrees with the Government. If it survives other hearsay and authentication objections at trial, this evidence will show Williams's efforts to use S.J. to recruit a pregnant woman for commercial sex and his ability to access and post advertisements on a commercial

---

[2] According to the Government, "Harry" is another name for the Blade in Dallas, Texas.
[3] According to the Government, the footprint emoji is a term for trafficked victims.

prostitution website. Those facts are intrinsic to the offenses charged. And even if this evidence was not intrinsic, it is admissible against Williams under Rule 404(b). Indeed, it shows Williams's intent to recruit another woman for commercial sex and his knowledge and identity of his megapersonal.eu account. All of these purposes are relevant to whether he recruited women and promoted them for the alleged conspiracy. And because these are Williams's own messages, their relevancy far outweighs any prejudice against him. Finally, if the Court later decides to admit them only under Rule 404(b), the Court can provide an appropriate limiting instruction. For these reasons, Williams's objection to this evidence is OVERRULED. This evidence is ADMISSIBLE.

The Government also seeks to admit a rap video that Williams sent S.J. during this time period. According to the Government, Williams sent this video to S.J. on November 26, 2024, told her that he made the video in 2020 or 2021, and told her that he recorded it on "audio evolution." Dkt. No. 485 at 1-2. The Government provided this video to the Court, which contains images of Williams, images of unnamed men and women, and short clips of several individuals provocatively dancing. Throughout the video, a man who the Government identifies as Williams can be heard singing that "bitches choos[e] me," "god made bitches for me to break bitches," "stay using bitches to accumulate riches," the "least the bitch can do is break herself to make me rich; I don't want a sob story, don't want to see no tears," "[e]verything she make, I take because it's mine; I deserve it, she's man made, I made her mine," "she's off 60 [days] at the year," and she "take[s] five days off to make room for the next one."

The Government argues this rap video is intrinsic evidence because it "provides germane background information about how Williams operates as a sex trafficker, how he manipulates and coerces his victims into compliance, and the motivations for his conduct." Dkt. No. 424 at 6. However, Williams allegedly made this video in 2020 or 2021, which was two to three years before

the charged conspiracy period. So, for the Court to determine whether the video is intrinsic, additional context related to the transmission of this video on November 26, 2024, is needed.

Accordingly, the Government should file a supplement to this Notice no later than November 20, 2026. In doing so, the Government must provide a copy of the actual messages on November 20, 2026, that contain this video. The Government should also provide any messages between Williams and S.J. immediately preceding or following the message with this video attached. Until then, whether this evidence is admissible as intrinsic evidence or under Rule 404(b) is HELD IN ABEYANCE.

**CONCLUSION**

IT IS THEREFORE ORDERED that:

- Williams and Ruff's objections [Dkt. Nos. 436, 450] to the Government's Notice [Dkt. No. 422] are OVERRULED;
- Ruff and Gage's objections [Dkt. Nos. 437, 451] to the Government's Notice [Dkt. No. 423, corrected by 429] are HELD IN ABEYANCE pending the Government's attempt to lay an adequate foundation; and
- Williams's objection [Dkt. No. 449] to the Government's Notice [Dkt. No. 424] is OVERRULED IN PART and HELD IN ABEYANCE IN PART.

In so holding, the Court does not rule on the admissibility of any statements that the Government did not specifically provide to the Court in its Notices. If the Government attempts to admit the Defendants' extrinsic conduct or statements not properly noticed under Rule 404(b) at trial, the Court will likely deny those attempts.

Furthermore, the Court has not ruled on whether certain statements implicated in the Government's Notices satisfy the co-conspirator hearsay exception under Federal Rule of Evidence 801(d)(2)(E). The Court will address those issues after the Government has laid an adequate foundation.

Dated this 17th day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE